IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dominique Maurice Jackson Williams, a/k/a Dominique M.J. Williams, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>Florence County Sheriff's Office; Florence County Sheriff; Investigator Joshua Dean; and Jeremiah S. Freeman, <br><br>　　　　Defendants. | Case No.: 4:25-cv-0217-JD-KDW <br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 25), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Dominique Maurice Jackson Williams, a/k/a Dominique M.J. Williams's ("Plaintiff" or "Williams"), Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Williams, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against the Florence County Sheriff's Office, the Florence County Sheriff, Investigator Joshua Dean, and Jeremiah S. Freeman (collectively, "Defendants"). Plaintiff alleges that Defendants wrongfully charged him with breaking into a motor vehicle in July 2023 without conducting an investigation and despite a lack of physical evidence implicating him. (DE 1.) Plaintiff claims that he has remained incarcerated for twelve months without the presentation of an indictment. (*Id.* at 5, 11.) He seeks both monetary damages and injunctive relief. (*Id.* at 5, 9.)

On February 19, 2025, the Court issued an Order notifying Plaintiff that his Complaint was subject to summary dismissal due to a failure to allege sufficient facts to state a claim. (DE 19.) Plaintiff was advised he had until March 5, 2025, to file an amended complaint or otherwise cure the deficiencies identified. (*Id.*) Plaintiff did not respond to the February 19 Order.

### B. Report and Recommendation

On March 21, 2025, the Magistrate Judge issued the Report recommending dismissal of Plaintiff's claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (DE 25.) The Report emphasized that Plaintiff had been given an opportunity to correct the deficiencies in his Complaint and was specifically warned that failure to timely amend would result in a recommendation of dismissal without leave for further amendment. (*Id.* at 4.) Plaintiff did not file an amended complaint and has not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 25) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's claims are DISMISSED under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a court order.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 20, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.